J-S43029-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| NEAL LAMONT PATTON | |
| Appellant | No. 385 WDA 2020 |

Appeal from the PCRA Order Entered February 24, 2020
In the Court of Common Pleas of Allegheny County
Criminal Division at No: CP-02-CR-0004832-2004

BEFORE:  SHOGAN, J., STABILE, J., and KING, J.

MEMORANDUM BY STABILE, J.:               FILED NOVEMBER 16, 2020

Appellant, Neal Lamont Patton, who is serving a sentence of life imprisonment for first-degree murder, appeals from an order dismissing his third petition for relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  Appellant claims that he found new evidence that the trial court held a pretrial hearing that he neither knew about nor attended. The PCRA court lacked jurisdiction over Appellant's third PCRA petition because he filed it while his appeal from the order denying his second PCRA petition was still pending.  Accordingly, we affirm.

The record establishes that on the evening of August 25, 2003, Appellant shot and killed his twenty-year-old brother, Anthony, in front of an apartment building in Pittsburgh.  Appellant promptly fled to Cleveland, Ohio, where he was arrested in connection with the shooting approximately six months later.

On February 22, 2005, the trial court held a pretrial hearing during which it denied defense counsel's request for a continuance, ordered jury selection to begin, and stated that trial would begin the next day. N.T., 2/22/05, at 1-12. The record does not include a transcript of jury selection proceedings.

On February 23, 2005, the case proceeded to trial. On February 25, 2005, the jury found Appellant guilty of first-degree murder. The court imposed sentence, and following denial of post-sentence motions, Appellant timely appealed to this Court. On November 19, 2007, this Court affirmed Appellant's judgment of sentence in a published opinion. Commonwealth v. Patton, 936 A.2d 1170, 1172-73 (Pa. Super. 2007). On December 30, 2009, our Supreme Court denied Appellant's petition for allowance of appeal.

In late 2010, Appellant filed a timely PCRA petition. On February 27, 2015, following protracted proceedings, the PCRA court dismissed Appellant's first PCRA petition without a hearing. Subsequently, this Court affirmed the order of dismissal, and the Supreme Court denied Appellant's petition for allowance of appeal.

On February 28, 2019, Appellant filed a second PCRA petition. The PCRA court appointed counsel to represent Appellant. On March 20, 2019, counsel filed a Turner/Finley[1] motion for leave to withdraw as counsel. On the same date, Appellant filed a pro se motion to represent himself under

_____

[1] Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988); Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988) (en banc).

Commonwealth v. Grazier, 713 A.2d 81, 82 (Pa. 1998). On March 21, 2019, the PCRA court granted Appellant's Grazier motion and granted counsel leave to withdraw. On May 9, 2019, Appellant filed a pro se amended PCRA petition. On May 31, 2019, the PCRA court issued a notice of intent to dismiss the PCRA Petition. On October 10, 2019, the PCRA court dismissed the petition without a hearing.

On November 2, 2019, Appellant filed a notice of appeal to this Court. This Court docketed his appeal at No. 1660 WDA 2019.

On November 18, 2019, while his appeal at No. 1660 WDA 2019 remained pending, Appellant filed his third PCRA petition in the PCRA court. Therein, Appellant claimed to have newly discovered evidence; he did not know about and hence, did not attend the pretrial hearing or jury selection on February 22, 2005, one day before trial. He claims that he did not learn about these hearings until October 2016, when he received an "updated criminal docket from the District Attorney's Office." Appellant's Brief at 7. Appellant contended that his absence from, and lack of notice of, the pretrial hearing and jury selection violated his constitutional rights by preventing him from participating in a critical stage of trial proceedings.

On November 26, 2019, the PCRA court entered a notice of intent to dismiss Appellant's third PCRA petition without a hearing.

On December 12, 2019, Appellant filed a petition in this Court at No. 1660 WDA 2019 seeking either a stay of proceedings pending resolution of his third PCRA petition in the PCRA court, or, in the alternative, quashal of the

appeal. On December 23, 2019, this court denied Appellant's motion for stay but held, "To the extent Appellant alternatively seeks to withdraw his appeal, that request is GRANTED such that the instant appeal is DISCONTINUED at Appellant's request."

On December 24, 2019, in response to the November 26, 2019 notice of intent to dismiss, Appellant filed an amended third PCRA petition in the PCRA court. On January 23, 2020, the court issued a notice of intent to dismiss the amended third PCRA petition without a hearing. On February 10, 2020, Appellant filed a response in opposition to the notice of intent. On February 24, 2020, the court dismissed the petition without a hearing on the ground that it was time-barred under the PCRA's statute of limitations, 42 Pa.C.S.A. § 9545, and did not satisfy any exception to the statute.

This appeal followed. In his appellate brief, Appellant complains that his constitutional rights were violated because he received no notice of the pretrial hearing on February 22, 2005 and because this hearing took place in his absence.[2]

Our first task is to review whether the PCRA court had jurisdiction to entertain Appellant's third PCRA petition. We conclude that it did not, because his appeal from the denial of his second PCRA petition was pending at the time he filed his third petition.

_____

[2] In his appellate brief, Appellant abandoned the claim in his third PCRA petition that he was not present during jury selection.

- 4 -

"Whether a court has subject matter jurisdiction is a question of law . . . It is not waivable, even by consent, and may be raised by any party or by the court, sua sponte, at any stage of the proceeding." Commonwealth v. Beatty, 207 A.3d 957, 961 (Pa. Super. 2019). Even where the PCRA court does not address its jurisdiction, "this Court will consider the issue sua sponte . . ." Id.

The law is clear that a PCRA court lacks jurisdiction to consider a PCRA petition while an appeal from the denial of the petitioner's prior PCRA petition remains pending. In Commonwealth v. Lark, 746 A.2d 585 (Pa. 2000), our Supreme Court held that "when an appellant's PCRA appeal is pending before a court, a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition by the highest state court in which review is sought, or upon the expiration of the time for seeking such review." Id. at 588.

In Beatty, the petitioner filed a second PCRA petition even though his appeal from an order denying his first PCRA petition remained pending in this Court. The PCRA court held the second petition in abeyance pending resolution of the appeal, which the petitioner ultimately lost. The PCRA court then granted the petitioner's motion to "reinstate" the second petition and denied this petition on the merits. This Court held:

> [T]he PCRA court erred in holding Appellant's second petition in abeyance, pending the outcome of the appeal of his first petition in the same case, and then reinstating the petition for review on the merits, without any jurisdictional analysis. The court should have dismissed the second petition outright under Lark, when

Appellant initially filed it during the appeal from the denial of his prior PCRA petition.

Id. at 964. We further held:

A petitioner must choose either to appeal from the order denying his prior PCRA petition or to file a new PCRA petition; the petitioner cannot do both, i.e., file an appeal and also file a PCRA petition, because "prevailing law requires that the subsequent petition must give way to a pending appeal from the order denying a prior petition." Commonwealth v. Zeigler, 148 A.3d 849, 852 (Pa. Super. 2016). In other words, a petitioner who files an appeal from an order denying his prior PCRA petition must withdraw the appeal before he can pursue a subsequent PCRA petition. Id. If the petitioner pursues the pending appeal, then the PCRA court is required under Lark to dismiss any subsequent PCRA petitions filed while that appeal is pending.

Id. at 961 (emphasis added). Thus, we affirmed the order denying relief due to the PCRA court's lack of jurisdiction over the second petition. Id. at 959.

In this case, neither the parties nor the PCRA court address whether the PCRA court had jurisdiction to decide Appellant's third PCRA petition even though it was filed while the appeal from the denial of Appellant's second PCRA petition remained pending. Nevertheless, we have the authority to address this jurisdictional question sua sponte. Id.

Lark establishes a bright-line rule: when a PCRA petitioner appeals a decision denying his petition, the PCRA court must dismiss any subsequent PCRA petition "filed while that appeal is pending." Beatty, 207 A.3d at 961. If the petitioner does not withdraw his appeal before filing a subsequent PCRA petition, the PCRA court lacks jurisdiction over the subsequent petition. Id.

- 6 -

In order for the PCRA court to have jurisdiction over a petition, at the time the petition is filed, there must be no pending appeal of a prior petition. Id.

In this case, Appellant filed his third PCRA petition while his appeal from the denial of his second PCRA petition remained pending before this Court. This Court did not order the appeal discontinued until one month after Appellant filed his third PCRA petition. As a result, the PCRA court lacked jurisdiction over Appellant's third petition and "should have dismissed [it] outright under Lark." Id. at 964.

Accordingly, we affirm the dismissal of Appellant's third PCRA petition for lack of jurisdiction, a different ground than that relief upon by the PCRA court. Commonwealth v. Reese, 31 A.3d 708, 727 (Pa. Super. 2011) (en banc) (appellate court may affirm on any basis as long as ultimate decision is correct).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/16/2020

- 7 -